■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEO A. DI GIANGIEMO, Appellant.— Appeal by defendant (1) from a judgment of the County Court, Nassau County, rendered February 24, 1971 on a second resentence, convicting him of attempted burglary in the third degree, upon a plea of guilty, and sentencing him as a second felony offender to a prison term of 2½ to 10 years, and, (2) as limited by his brief, from so much of an order of the same court, dated the same day and entered March 2, 1971, as, on reargument, adhered to the original determinations, which respectively denied separate *coram nobis* applications. Order reversed insofar as appealed from, on the law, and *coram nobis* matter remitted to the County Court for a hearing in accordance with the views expressed herein. Appeal from judgment held in abeyance in the interim. Despite the fact that defendant failed to submit the affidavit of his attorney in support of his claim that his original plea of guilty had been induced by a promise that he would be sentenced to 2½ to 5 years as a first felony offender (see *People* v. *Scott,* 10 N Y 2d 380), the record herein fails to conclusively demonstrate that the claim is without

merit (*People* v. *Picciotti,* 4 N Y 2d 340; *People* v. *Weldon,* 17 N Y 2d 814). Furthermore, and most significant to our determination herein, the record tends to support the claim. Thus, defendant was originally sentenced in 1964 as a first felony offender despite the fact that the probation report indicated a 1954 Queens County felony conviction. This tends to support the claim that the plea of guilty was induced by the promise. In light of the above, we are of the view that a hearing should be had on the claim. If the hearing court finds that defendant was in fact promised a sentence as a first felony offender, it will have to permit him to withdraw his guilty plea and go to trial on the indictments if he so wishes (*People* v. *Farina,* 2 N Y 2d 454). The simple expedient of a resentence in conformity with the promise would be violative of section 1943 of the former Penal Law. Rabin, P. J., Munder, Martuscello, Gulotta and Benjamin, JJ., concur.